UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOEL MATTHEW GROVES,<br><br>               Petitioner,<br><br>v.<br><br>RONALD HAYNES,<br><br>               Respondent. | NO. 1:20-CV-3232-TOR<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Petitioner's Motion for Reconsideration (ECF No. 20). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Petitioner's Motion for Reconsideration (ECF No. 20) is **DENIED**.

## BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus on December 10, 2020. ECF No. 6. Respondent answered the Petition on March 3, 2021. ECF No. 15.

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION ~ 1

On March 10, 2021, Petitioner filed a Motion for Extension of Time and Appointment of Counsel. ECF No. 17. The Court granted the extension of time but denied the appointment of counsel. ECF No. 19. Petitioner now moves the Court to reconsider its denial of appointment of counsel. ECF No. 20.

## DISCUSSION

A motion for reconsideration of a final judgment may be reviewed under Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Where a final judgment has not been entered, the Court has discretion to reconsider under Rule 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Additionally, the Court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Id*. While both Rule 54(b) and the common law provide distinct authority under which a court may reconsider its rulings, the analysis under both appears to be the same. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003).

Here, a final judgment has not been entered; thus, Rule 54(b) or the common

law is the applicable authority. Some courts have adopted local rules specifically addressing the legal standard that applies to reconsideration under Rule 54(b) or the common law. *See, e.g.*, *Motorola, Inc.*, 215 F.R.D. at 583-86 (D. Ariz. 2003) (collecting cases). This Court has not adopted such a rule. Instead, the Court's analysis is guided by the law of the case doctrine as applied by the Ninth Circuit. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703 (9th Cir. 1990). Under the law of the case doctrine, reconsideration may be appropriate in cases that "involve an intervening change in the law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Seiko Epson Corp. v. Glory S. Software Mfg., Inc.*, 684 F. Supp. 2d 1231, 1242 (D. Or. 2010). As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Nonetheless, whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

    Petitioner has not identified an intervening change in the law, submitted any new evidence, or demonstrated the Court committed clear error that was manifestly unjust. Rather, Petitioner argues he is entitled to appointment of counsel due to the

extraordinary circumstances presented by the COVID-19 pandemic, which have caused the prison library to be closed.  ECF No. 20 at 2.  Petitioner claims the library closure threatens his due process rights and the appointment of counsel is required to avoid a violation of his rights.  *Id*.  However, Petitioner misconstrues the type of extraordinary circumstances that necessitate an appointment of counsel.  Courts that have appointed counsel to habeas petitioners during the COVID-19 pandemic have done so due to the significant passage of time since the crime was committed, the complexity of the legal issues presented, the voluminous court record and extensive investigation required, and the questionable state of the petitioner's mental health and competency.  *See Brown v. Davis*, 482 F. Supp. 3d 1049, 1054 (E.D. Cal. 2020).

As the Court previously noted, Petitioner's claims here are not legally complex, and Petitioner has demonstrated his ability to articulate his claims as a *pro se* litigant.  ECF No. 19 at 2.  Moreover, Petitioner has timely filed all motions and diligently sought an extension of time to file a reply to Respondent's answer.  ECF No. 17.  At this stage in the litigation, Petitioner has not demonstrated the type of extraordinary circumstances that warrant the appointment of counsel.

//

//

//

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Petitioner's Motion for Reconsideration (ECF No. 20) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** March 17, 2020.



THOMAS O. RICE
United States District Judge